IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANICE KLOSS, individually and on behalf of similarly situated individuals,<br><br>          Plaintiff,<br><br>     v.<br><br>ACUANT, INC., a Delaware corporation,<br><br>          Defendant. | Case No.     19-6353<br><br>Date:          September 24, 2019 |

## NOTICE OF REMOVAL

Defendant Acuant, Inc. ("Acuant" or "Defendant"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, file this Notice of Removal of Case No. 2019-CH-09538, which was pending in the Circuit Court of Cook County, Illinois.[1]  In support of its Notice of Removal, Defendant states as follows:

### INTRODUCTION AND BACKGROUND

1.      On or about August 16, 2019, Plaintiff Shanice Kloss, individually and on behalf of similarly situated individuals ("Plaintiff"), filed a Verified Complaint in the Circuit Court of Cook County, Illinois, styled *Shanice Kloss v. Acuant, Inc.*, Case No. 2019-CH-09538. Defendant was served with the Summons and a copy of Plaintiff's Verified Complaint on August 27, 2019.

2.      Plaintiff's Verified Complaint asserts a claim for Violations of the Illinois Biometric Information Privacy Act, 740 ILCS l4/1, *et seq*. ("BIPA").

---

[1] Counsel for Defendant specially appears for purposes of this notice of removal.  This notice shall not be construed as a general appearance or the consent of Defendant to the jurisdiction of the Court, nor as a waiver of any defenses including on grounds on lack of personal jurisdiction.

3.      Acuant is the only defendant in this action.

4.      Defendant has not yet responded to Plaintiff's Verified Complaint.  Plaintiff has filed but did not, so far as Defendant is aware, serve upon Defendant a Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery.  The parties have not yet filed or served any other pleadings.

5.      Copies of "all process, pleadings, and orders served upon [] defendant" are attached hereto as Exhibit A, as required by 28 U.S.C. § 1446(a).

6.      A copy of the Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery, is attached hereto as Exhibit B.

## GROUNDS FOR REMOVAL

### The Class Action Fairness Act

7.      This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), which grants to the United States District Courts original jurisdiction over "any civil action" in which the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs" and is a "class action" in which, among other things, "any member of a class of plaintiffs is a citizen of a State different from any defendant."  *See* 28 U.S.C. § 1332(d); *see also Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 621 (7th Cir. 2012) (noting that the "language and structure of CAFA . . . indicate[ ] that Congress contemplated broad federal court jurisdiction with only narrow exceptions").

8.      This case meets all the requirements for jurisdiction under CAFA.  The amount in controversy exceeds $5,000,000 and at least one member of the proposed class of plaintiffs is a citizen of a state different from Defendant.  *See* 28 U.S.C. § 1332(d)(2).  Additionally, the primary Defendant is not a State, State official, or other government entity, and the number of

members of the proposed plaintiff class is greater than 100.  *See* 28 U.S.C. § 1332(d)(5)(a)-(b).

### A. Amount in Controversy

9.      For this amount in controversy to be satisfied, there need only be "a reasonable probability that the stakes exceed" $5,000,000.  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005).  In this regard, the Seventh Circuit has acknowledged "the difficulty a defendant faces when the plaintiffs, who control the allegations of the complaint, do not want to be in federal court and provide little information about the value of their claims."  *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011).  Accordingly, "the party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties."  *Id.* (citing *Brill*, 427 F.3d at 448 (7th Cir. 2005)).  This burden thus "is a pleading requirement, not a demand for proof."  *Id.* (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)).  This Court has found that a Complaint alleging damages for "each" violation of BIPA "can plausibly be read to suggest that a violation of at least some of the BIPA provisions alleged occurred every time" Plaintiff's biometric data was scanned.  *Peatry v. Bimbo Bakeries USA, Inc.*, 19-cv-2942, 2019 WL 3824205 (N.D. Ill. Aug. 7, 2019).

10.     Defendant denies the validity and merit of the entirety of Plaintiff's alleged claim, the legal theories upon which it is based, and the alleged claims for monetary and other relief that allegedly flow therefrom.  But for purposes of setting forth grounds for this Court's jurisdiction—and without conceding that Plaintiff or the putative class are entitled to damages or penalties or any relief whatsoever—it is apparent that although the complaint does not affirmatively specify a damages figure, the aggregated claims of the putative class exceeds CAFA's jurisdictional minimum.  It is also possible that Plaintiff's claim exceeds the individual requirement of $75,000.

11.     The Complaint alleges that Plaintiff is one of the "[c]onsumers, employees, user[s] and/or other partaking individuals … of Acuant's customers, including the bar, restaurant and hospitality industries, among others, [that] subsequently undergo[es] Acuant's identity verification process."  (Ex. A ¶ 2).

12.     Given that the Complaint is seeking "$1,000 for *each* negligent violation of the BIPA" (Ex. A, at 14, Prayer for Relief (e)) and "$5,000 for *each* willful and/or reckless violation of the BIPA" (Ex. A, at 14, Prayer for Relief (d)), while also alleging six separate causes of action under BIPA, (Ex. A ¶ 51), it is plausible that Plaintiff seeks to recover $6,000 to $30,000 in damages for each time she underwent "Acuant's identity verification process" (Ex. A ¶ 2). Accordingly, based purely on the Complaint's allegations (which Acuant denies), if Plaintiff underwent "Acuant's identity verification process" a minimum of three times (the Complaint is silent as to how frequently Plaintiff underwent this process), it is plausible that Plaintiff seeks to recover $18,000 to $90,000.

13.     Defendant does not agree that Plaintiff is entitled to that measure of damages under BIPA but, for removal purposes, the question is not "what damages the plaintiff will recover, but only how much is in controversy between the parties." *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017).

14.     Applying the damages theory set forth above to the "thousands of members of the Class" (Ex. A ¶ 38), would well exceed the jurisdictional threshold.  Plaintiff alleges that each class member is entitled to recover between $6,000 to $30,000 individually.  Assuming only 1,000 class members, the class claim is well over $5,000,000 in the aggregate.[2]  Alternatively, even if each class member only sought individual damages of $5,000, a class of 1,001 members

_____

[2] $6,000 X 1,000 = $6,000,000.

would exceed the $5,000,000 threshold.[3]  Plaintiff alleges more than 1,000 members in the class.
(Ex. A ¶ 38) ("*thousands* of members of the Class") (emphasis added).

15.     Additionally, Plaintiff seeks injunctive relief "requiring Defendant to comply with
the BIPA requirements for the capture, collection, storage, use, and dissemination of biometric
identifiers and biometrics information."  (Ex. A, at 14, Prayer for Relief (c)).  Defendant disputes
that it has violated BIPA and that any injunctive relief is appropriate.  But, for removal purposes
and based on Plaintiff's allegations, the costs of Plaintiff's individual claim for injunctive relief
itself could exceed $75,000.  "[T]he cost a defendant incurs in complying with injunctive relief is
a legitimate consideration in a jurisdiction inquiry."  *Tropp v. W.-S. Life Ins. Co.*, 381 F.3d 591,
595 (7th Cir. 2004) (holding diversity jurisdiction exists where "the costs of implementing the
injunctive relief requested by [plaintiff] in the original complaint would exceed $75,000").

### B.     Diversity of Citizenship

16.     Plaintiff is a resident and citizen of Illinois.  (Ex. A ¶ 20).

17.     Plaintiff seeks to certify a class of Illinois residents.  (Ex. A ¶ 36).

18.     Defendant is a Delaware corporation.  (Ex. A ¶ 19).  Its principal place of
business is located in California.  Defendant is therefore a citizen of Delaware and California for
the purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be
deemed to be a citizen of every State and foreign state by which it has been incorporated and of
the State or foreign state where it has its principal place of business").

19.     Accordingly, there is minimum diversity of the parties. 28 U.S.C. § 1332(d)(2).

### C.     Defendant

20.     Defendant is a corporation.  (Ex. A ¶ 19).  Defendant is therefore not a State, State

---

[3] $5,000 x 1,001 = $5,005,000.

official, or other government entity.  *See* 28 U.S.C. § 1332(d)(5)(a).

**D.** **Size of Proposed Class**

21.     The proposed class is greater than 1,000 members.  *See, e.g.*, Compl ¶ 38 ("there are thousands of members of the Class").  The proposed class therefore exceeds 100 members as required by CAFA.  *See* 28 U.S.C. § 1332(d)(5)(b).

## NO NEED FOR CONSENT TO REMOVAL

22.     There are no other defendants whose consent is required for removal.  *See* 28 U.S.C. § 1446(b)(2)(A).

## TIMELINESS

23.     This notice of removal is being filed within 30 days of August 27, 2019, the date on which Defendant was served with a summons and Plaintiff's Verified Complaint.  28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

## VENUE FOR REMOVAL

24.     Because this action is brought in the Circuit Court of Cook County, Illinois, venue for purposes of removal is proper in this Court under 28 U.S.C. § 93(a)(1): this District and this Division embraces Cook County, Illinois, the place where the removed action has been pending. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

## NOTICE OF FILING OF NOTICE OF REMOVAL

25.     In accordance with 28 U.S.C. § 1446(d), Defendant will promptly provide written notice to counsel of record for Plaintiff and will promptly file a copy of this Notice of Removal with the Circuit Court of Cook County, Illinois.

## CONCLUSION

26.     Based upon the foregoing, all requirements for diversity and removal jurisdiction

have been met.


WHEREFORE, Defendant Acuant, Inc. hereby removes this action to this Court for all

future proceedings.

Dated: New York, NY
        September 24, 2019

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Alvin Lee*
Alvin Lee, Bar No. 4829545
51 West 52nd Street
New York, NY  10019-6142
Telephone:     +1 212 506 5000
Facsimile:     +1 212 506 5151
alee@orrick.com

*Attorney for Defendant Acuant, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Alvin Lee, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing NOTICE OF REMOVAL, to be filed through the Court's CM/ECF system, and will serve the below Counsel of Record via Federal Express:

      Evan M. Meyers
      Jad Sheikali
      McGuire Law, P.C.
      55 W. Wacker Drive, 9th Fl.
      Chicago, IL 60601
      (312) 893-7002
      emeyers@mcgpc.com
      jsheikali@mcgpc.com

                                    */s/ Alvin Lee*
                                    Alvin Lee