# Exhibit A

Return Date: No return date scheduled
Hearing Date: 12/17/2019 10:00 AM - 10:00 AM
Courtroom Number: 2510
Location: District 1 Court
    Cook County, IL

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons      (06/28/18) CCG 0001

FILED
8/26/2019 10:12 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH09538

6320612

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

SHANICE KLOSS, on behalf of a class,

(Name all parties)

v.

ACUANT, INC.

Case No. 2019-CH-09538

The Corporation Trust Company
Corporation Trust Center, 1209 Orange Street
Wilmington, Delaware 19801

☒ **SUMMONS**    ☐ **ALIAS SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

8/26/2019 10:12 AM DOROTHY BROWN

Witness: _____

Atty. No.: 56618
Atty Name: Jad Sheikali
Atty. for: Plaintiff
Address: 55 West Wacker Drive, 9th Fl.
City: Chicago    State: IL
Zip: 60601
Telephone: 312-893-7002
Primary Email: jsheikali@mcgpc.com
Secondary Email: emeyers@mcgpc.com
Tertiary Email: wkingston@mcgpc.com

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person).

Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois    cookcountyclerkofcourt.org

Page 1 of 2

FILED DATE: 8/26/2019 10:12 AM  2019CH09538

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

- Richard J Daley Center
  50 W Washington
  Chicago, IL 60602
- District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077
- District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008
- District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153
- District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455
- District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428
- Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607
- Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602
- Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

**Daley Center Divisions/Departments**

- Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm
- ⦿ Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm
- Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm
- Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm
- County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm
- Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm
- Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm
- Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

Return Date: No return date scheduled
Hearing Date: 12/17/2019 10:00 AM - 10:00 AM
Courtroom Number: 2510
Location: District 1 Court
Cook County, IL

12-Person Jury

FILED
8/16/2019 7:34 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH09538
6221826

FILED DATE: 8/16/2019 7:34 PM   2019CH09538

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| SHANICE KLOSS, individually and on behalf of similarly situated individuals, | ) ) ) |
| *Plaintiff*, | ) ) No. 2019CH09538 ) |
| v. | ) ) Hon. |
| ACUANT, INC., a Delaware corporation, | ) ) |
| *Defendant*. | ) ) ) ) |

## CLASS ACTION COMPLAINT

Plaintiff Shanice Kloss ("Plaintiff"), both individually and on behalf of similarly situated individuals, brings her Class Action Complaint against Defendant Acuant, Inc. ("Acuant" or "Defendant"), to stop Defendant's capture, collection, use, and storage of individuals' biometric identifiers and/or biometric information in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* (the "BIPA"), and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows based upon personal knowledge as to her own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by her attorneys.

## INTRODUCTION

1. BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including fingerprints, palm scans and facial geometry. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

1

2. This case is about a cloud-based identity verification technology company capturing, collecting, storing, using and disseminating Plaintiff's and other consumers' biometric identifiers and/or biometric information without regard to BIPA and the concrete privacy rights and pecuniary interests that BIPA protects. Defendant collects individuals' biometric information in the form of facial geometry software provided to its customers requiring individuals to undergo an identity and/or age verification process which is reliant upon said software that Defendant created. Consumers, employees, users and/or other partaking individuals (hereinafter "consumers" or "individuals") of Acuant's customers, including the bar, restaurant and hospitality industries, among others, subsequently undergo Acuant's identity verification process. Defendant uses various identity verification technologies, such as the Acuant Face™ technology, to extract the biometric facial geometry templates of these individuals and compare such biometric information to their photo ID. This requires the individuals to upload a driver's license, photo ID, or passport and then a photo of themselves or otherwise undergo a scan of their facial geometry, often taken through a webcam. Acuant Face™ is sometimes combined with other systems including IDscan®, AssureID™, Review™, Ozone®, which all rely on extraction of biometric information (hereinafter "Acuant Verification System Software"). All of this allows for both identity verification and age verification of individuals by Defendant's customers via Defendant's technology.

3. Using its Acuant Verification System Software, Defendant captures, stores and uses individuals' facial geometry and related biometric information without complying with BIPA's requirements.

4. Unlike ID badges or time-cards – which can be changed or replaced if stolen or compromised – facial geometry is a unique and permanent biometric identifier associated with

2

FILED DATE: 8/16/2019 7:34 PM   2019CH09538

each individual. This exposes individuals to serious and irreversible privacy risks. If for example, a database containing scans of face geometry or other sensitive, proprietary biometric data is hacked, breached, or otherwise exposed – like in ongoing and continuous data breaches – consumers have no means by which to prevent identity theft, unauthorized tracking or other unlawful or improper use of this highly personal and private information.

5. In recognition of the concern over the security of individuals' biometrics, the Illinois Legislature enacted BIPA specifically to regulate companies that collect and store Illinois citizens' biometrics, which provides, *inter alia*, that private entities, such as Defendant, may not collect, capture, purchase, or otherwise obtain an individual's biometric identifiers, such as facial geometry, or any biometric information, including any data regardless of the manner in which it is converted or stored, unless they first:

    a. inform that person in writing that biometric identifiers or biometric information will be collected or stored;

    b. inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used; and

    c. receive a written release from the person for the collection of their biometric identifiers or biometric information.

740 ILCS 14/15(b)(1)-(3).

6. BIPA also requires private entities in possession of biometric information to develop a publicly available written policy outlining the storage and destruction policies of such biometric identifiers, and/or any biometric information derived from such identifiers. 750 ILCS 14/15(a).

3

7. Finally, private entities are prohibited from profiting from an individual's biometric identifiers or biometric information, as well as disclosing the same to third parties without informed consent. 740 ILCS 14/15(c)-(d).

8. Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating her biometric privacy rights under BIPA.

9. Compliance with BIPA is straightforward and minimally burdensome. For example, the necessary disclosures can be accomplished through a single sheet of paper.

10. BIPA's requirements bestow upon consumers a right to privacy in their biometrics and a right to make an *informed* decision when electing to provide or withhold his/her most sensitive information and on what terms.

11. BIPA's statutory scheme requires that private companies like Defendant make specific disclosures to consumers prior to collecting their biometrics, which allows consumers the opportunity to make an *informed* choice when private entities request their biometrics. So, unlike other statutes that only create a right of action if there is a qualifying data breach, BIPA strictly regulates the way entities may collect, store, and use biometrics and creates a private right of action for lack of statutory compliance.

12. In this case, notwithstanding the clear and unequivocal requirements of the law, Defendant disregards Illinois citizens' statutorily protected privacy rights and unlawfully collects, stores, disseminates and uses individual's biometric identifiers and biometric information by electing to implement an invasive biometric face scanning program that relied on the illegal collection of consumers' biometrics, thereby invading their substantive privacy rights under BIPA.

13. Defendant implemented this biometric face scanning regime collecting facial geometry of its customer's consumers or individuals without first obtaining their informed written

consent and informing such persons how long they planned on keeping such information, as required by law, and all while disregarding the relevant Illinois BIPA and the privacy interests it seeks to protect.

14. Defendant's conduct is particularly unsettling considering the fact that this extremely sensitive biometric information is also associated with consumers' government-issued identification documents. Despite the sensitive nature of this biometric information, Defendant wholly avoids any costs associated with implementing its biometric identity and age verification system in compliance with the law.

15. The Illinois Legislature has found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, even sensitive information like Social Security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to each individual and therefore, once compromised, such individual has no recourse, is at a heightened risk for identity theft in, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5. The risk is compounded when, like in this case, a person's biometric information is also associated with government issued or other photo identification and related information.

16. Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in capturing, collecting, storing, using, and transmitting her biometrics, and those of thousands of consumers throughout the state of Illinois, without informed written consent, and without informing them through a publicly available written policy of how it was going to store and dispose of this irreplaceable information, in direct violation of the Illinois BIPA.

17. Defendant failed to obtain the necessary consent to handle Plaintiff's and other consumers' biometrics; failed to maintain a lawful biometric storage program which deletes biometric information in the proscribed period; failed to provide the required disclosures at the time of collection; and failed to provide a retention and destruction schedule.

18. On behalf of herself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant comply with BIPA, as well as an award of statutory damages to the Class, together with costs and reasonable attorneys' fees.

## PARTIES

19. Defendant Acuant, Inc., is a Delaware corporation that conducts business and is licensed by the Illinois Secretary of State to conduct business throughout Illinois and in Cook County. Acuant transacts business throughout the state of Illinois and knowingly transacts with Illinois residents.

20. At all relevant times, Plaintiff has been a resident and citizen of the state of Illinois.

## JURISDICTION AND VENUE

21. This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is doing business within this state and because Plaintiff's claims arise out of Defendant's unlawful in-state actions.

22. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, because Defendant is doing business in Cook County and thus resides there under § 2-102, and because the transaction out of which this cause of action arises occurred in Cook County.

## FACTS SPECIFIC TO PLAINTIFF

23. Defendant develops and sells and/or licenses its identity verification technologies to companies that utilize and require identity verification services and technology.

24. Defendant openly acknowledges that it uses systems such as the "Robust Facial Recognition Match & Liveness Test"[1] (Acuant Face™) which can be combined with various Identity Proofing systems (IDscan®, AssureID™, Review™, Ozone ®).[2]

25. Defendant captured Plaintiff's biometrics to verify her identity.

26. Defendant, through the Acuant Verification System Software captured, collected, stored, and/or transferred the biometric facial geometry and related biometric information of Plaintiff in Illinois in violation of the BIPA.

27. Prior to taking Plaintiff's biometrics, Defendant did not seek, and Plaintiff never provided, any written consent relating to the collection, use, storage, or dissemination of her biometrics.

28. Defendant subsequently disseminated Plaintiff's biometric information to third parties without her express consent.

29. Prior to taking Plaintiff's biometrics, Defendant did not make publicly available a written policy as to a biometric retention schedule and guidelines for permanently destroying the collected biometrics which was compliant with BIPA or which was available on its customers' websites where Defendant's Acuant Verification System Software was deployed. As such, even if Defendant's privacy policy were compliant with the law, Plaintiff could not have reasonably been

---

[1] https://www.acuantcorp.com/

[2] *Id.*

expected to view such privacy policy prior to Defendant's collection and capture of her facial geometry and related biometric information.

30. To this day, Plaintiff is unaware of the status of her biometrics obtained by Defendant. Defendant has not informed Plaintiff whether it still retains her biometrics, and if it does, for how long it intends to retain such information without her consent.

31. Plaintiff has suffered pecuniary damages in the form of diminution in the unique identifying value of her biometrics, and other costs associated with identity protection and account monitoring.

32. Furthermore, Plaintiff's biometrics are economically valuable and such value will increase as the commercialization of biometrics continues to grow. Defendant's use of Plaintiff's biometrics does and will continue to confer a benefit on Defendant at the expense of Plaintiff's privacy rights.

33. By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric information privacy.

## CLASS ALLEGATIONS

34. Plaintiff brings this action on behalf of herself and a class of similarly situated individuals pursuant to BIPA, 740 ILCS 14/1, *et seq.*, to recover statutory penalties, prejudgment interest, attorneys' fees and costs and other damages owed.

35. As discussed *supra*, Section 14/15(b) of BIPA prohibits a company from, among other things, collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's or a customer's biometric identifiers or biometric information, unless it first (1) informs the individual in writing that a biometric identifier or biometric information is being collected or

8

stored; (2) informs the individual in writing of the specific purpose and length of time for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information. 740 ILCS 14/15.

36. Plaintiff seeks to certify a Class of the following similarly situated individuals:

> All Illinois residents whose biometrics were captured, collected, stored, used, transmitted, or disseminated by Defendant at any time within the applicable limitations period.

37. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant and any immediate family member of such officer or director.

38. Upon information and belief, there are thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

39. Plaintiff's claims are typical of the claims of the Class she seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the Class is the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's BIPA violations and various common law transgressions.

40. There is a well-defined commonality of interest in the substantial questions of law and fact concerning and affecting the Class in that Plaintiff and all members of the Class have been harmed by Defendant's failure to comply with BIPA. The common questions of law and fact for the Class include, but are not limited to, the following:

9

FILED DATE: 8/16/2019 7:34 PM 2019CH09538

    a. Whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics;

    b. Whether Defendant obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometrics;

    c. Whether Defendant provided a written disclosure to the class that explains the length of time their biometrics stored and used before taking their biometrics;

    d. Whether Defendant's conduct violates BIPA;

    e. Whether Defendant's violations of the BIPA are willful or reckless; and

    f. Whether Plaintiff and the Class are entitled to damages and injunctive relief.

41.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class she seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

42.     Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

43.     The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number

of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

44. Additionally, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

### COUNT I
**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*,**
**(On behalf of Plaintiff and the Class)**

45. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

46. Defendant is a private entity under BIPA.

47. Plaintiff and the Class members had their biometric identifiers and/or their biometric information collected, captured, received or otherwise obtained and/or used by Defendant (in the form of facial geometry). *See* 740 ILCS 14/10.

48. Plaintiff's biometric identifiers were used to identify him, and, therefore constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10

11

49. Defendant captured, collected, stored, and/or used Plaintiff's and the Class members' biometrics without informed written consent and without complying with BIPA through its biometric identity and age authentication software.

50. Upon information and belief, Defendant Acuant disclosed Plaintiff's biometric identifiers and/or biometric information to at least one third party without her informed written consent.

51. Plaintiff and the Class members have been aggrieved by Defendant's failures to adhere to the following BIPA requirements, with each such failure constituting a separate and distinct violation of BIPA:

   a. Defendant failed to inform Plaintiff and the Class members in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

   b. Defendant failed to inform Plaintiff and the Class members in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

   c. Defendant failed to inform Plaintiff and the Class members in writing of the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

   d. Defendant failed to obtain a written release from Plaintiff and the Class members, as required by 740 ILCS 14/15(b)(3);

   e. Defendant failed to provide a publicly available retention schedule detailing the specific length of time the biometrics are stored and/or guidelines for

permanently destroying the biometrics it stores, as required by 740 ILCS 14/15(a); and

f. Defendant failed to obtain informed consent to disclose or disseminate the Class members' biometrics, as required by 740 ILCS 14/15(d)(1).

52. By capturing, collecting, storing, using, and disseminating Plaintiff's and the Class members' biometrics as described herein, Defendant denied Plaintiff and the Class members their right to statutorily required information and violated their respective rights to biometric information privacy, as set forth in the BIPA.

53. Plaintiff's and the Class's biometric information have been and will continue to be unlawfully accessed by third parties.

54. Had Defendant informed Plaintiff that she was not being provided with the required information regarding her biometrics and the biometric face scanning program as required by law, she would not have provided her biometrics to Defendant.

55. Had Defendant informed Plaintiff that she would be asked to participate in an illegal biometric face scanning program, Plaintiff would not have used Defendant's biometric system, or she at least would have been able to make an informed decision concerning material facts of her use of the Acuant Verification System Software including whether the benefit justifies the increased risk in participating in Defendant's unlawful biometric program.

56. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of the BIPA.

57. Defendant's violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with the BIPA disclosure, consent, and policy posting requirements.

58. Accordingly, with respect to Count I, Plaintiff, on behalf of herself and the proposed Class, prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

    a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

    b. Declaring that Defendant's actions, as set forth herein, violate the BIPA;

    c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with the BIPA requirements for the capture, collection, storage, use, and dissemination of biometric identifiers and biometric information;

    d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(1);

    e. Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(3);

    f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

    g. Awarding pre- and post-judgment interest, as allowable by law; and

    h. Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: August 16, 2019

Respectfully Submitted,

SHANICE KLOSS, individually and on behalf of a class of similarly situated individuals

By:   <u>/s/ Jad Sheikali</u>
*One of Plaintiff's Attorneys*

Evan M. Meyers
Jad Sheikali
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
(312) 893-7002
Fax: (312) 275-7895
emeyers@mcgpc.com
jsheikali@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*