IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SHANICE KLOSS, individually and on behalf of similarly situated individuals, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>ACUANT, INC., a Delaware corporation, )<br>)<br>*Defendant*. )<br>) | Case No. 1:19-cv-06353<br><br>Honorable Charles P. Kocoras |

### FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Shanice Kloss ("Plaintiff"), both individually and on behalf of similarly situated individuals, brings her First Amended Class Action Complaint against Defendant Acuant, Inc. ("Acuant" or "Defendant"), to stop Defendant's capture, collection, use, and storage of individuals' biometric identifiers and/or biometric information in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* (the "BIPA"), and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows based upon personal knowledge as to her own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by her attorneys.

### INTRODUCTION

1.  BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including fingerprints, palm scans and facial geometry. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

2.  Defendant is a leading provider of biometric enabled identity verification services to private corporations across a variety of industry sectors. Using its technology, Defendant

capture, collects, stores, and compares the biometrics of individuals in order to verify their identities on behalf of its commercial clients.

3. Unlike ID badges or time-cards – which can be changed or replaced if stolen or compromised – facial geometry is a unique and permanent biometric identifier associated with a given individual. This exposes individuals to serious and irreversible privacy risks.

4. The Illinois Legislature enacted BIPA to regulate companies that collect and store Illinois residents' biometrics. BIPA provides, *inter alia*, that private entities may not collect, capture, purchase, or otherwise obtain an individual's biometric identifiers, such as facial geometry, or any biometric information or data derived therefrom, unless they first:

   a. Inform that person in writing that biometric identifiers or biometric information will be collected or stored;

   b. Inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used; and

   c. Receive a written release from the person for the collection of their biometric identifiers or biometric information.

740 ILCS 14/15(b)(1)-(3).

5. BIPA also requires private entities in possession of biometric information to develop a publicly available written policy outlining the storage and destruction policies of such biometric identifiers, and/or any biometric information derived from such identifiers. 750 ILCS 14/15(a).

6. Finally, private entities are prohibited from profiting from an individual's biometric identifiers or biometric information, as well as disclosing the same to third parties without informed consent. 740 ILCS 14/15(d).

7. Despite capturing, storing, using, and disseminating the biometrics of Plaintiff and the Class members, Defendant has failed to comply with nearly every provision of BIPA.

8. Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating her biometric privacy rights under BIPA.

9. Compliance with BIPA is straightforward and minimally burdensome. For example, the necessary disclosures can be accomplished through a single sheet of paper.

10. BIPA's requirements bestow upon consumers a right to privacy in their biometrics and a right to make an *informed* decision when electing to provide or withhold his/her most sensitive information and on what terms.

11. The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

12. On behalf of herself and the proposed defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members and monetary damages to be determined at trial, together with costs and reasonable attorneys' fees.

**PARTIES**

13. Defendant Acuant, Inc., is a Delaware corporation registered with and authorized by the Illinois Secretary of State to transact business in Illinois. Defendant transacts business throughout Illinois and in this District.

14. At all relevant times, Plaintiff has been a resident and citizen of the state of Illinois.

**JURISDICTION AND VENUE**

15.     This Court has subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq.*, because this case is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; there are greater than 100 putative class members; at least one putative class member is a citizen of a state other than Defendant; and none of the exceptions under subsection 1332(d) apply.

16.     This Court may assert personal jurisdiction over Defendant because it conducts substantial business within this District.

17.     Venue is proper in this District because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

**FACTS SPECIFIC TO PLAINTIFF**

18.     Defendant offers biometric enabled verification services to private companies that want to verify the identities of their respective customers for a multitude of purposes.

19.     Among Defendant's commercial offerings is a biometric-enabled service called Acuant Face[1] ("Acuant Face").

20.     Acuant Face, which is marketed by Defendant as a "Biometric Facial Recognition & Match Software,"[2] is frequently deployed through Defendant's Acuant mobile application ("Acuant App").

21.     Using its Acuant Face technology via its Acuant App, Defendant captured, collected, and stored the facial geometry and related biometric information of Plaintiff in order to verify her individual identity.

---

[1] https://www.acuantcorp.com/
[2] *Id*.

22. Further, Defendant stored Plaintiff's biometrics in order to allow Defendant the ability to compare such biometrics against existing databases. In fact, Defendant touts itself as possessing "the largest ID document library in the industry."[3]

23. Prior to taking Plaintiff's biometrics, Defendant did not seek, and Plaintiff never provided, any written consent relating to the collection, use, storage, or dissemination of her biometrics.

24. Defendant subsequently disseminated Plaintiff's biometric information to third parties without her express consent, including for the purpose of comparing such biometric information against existing databases and storing the same remotely for future identity verification and biometric comparison.

25. Defendant did not make readily accessible public biometric data policies as to its guidelines for retaining or permanently destroying biometrics such that Plaintiff could reasonably observe the same prior to Defendant's capture and subsequent storage of her biometrics.

26. To this day, Plaintiff is unaware of the status of her biometrics obtained by Defendant.

27. By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric information privacy.

## CLASS ALLEGATIONS

28. Plaintiff brings this action on behalf of herself and similarly situated individuals.

---

[3] https://www.acuantcorp.com/blog/with-over-3-million-transactions-monthly-acuant-debuts-new-and-improved-id-capture-and-facial-recognition-technology-that-reduces-fraud-while-being-customer-friendly/

29. Plaintiff seeks to certify the following Class:

> All individuals in Illinois whose biometrics were captured, collected, stored, used, transmitted, or disseminated by Defendant or its technology at any time within the applicable limitations period.

30. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant and any immediate family member of such officer or director.

31. Upon information and belief, there are thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

32. Plaintiff's claims are typical of the claims of the Class she seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the Class is the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's BIPA violations and various common law transgressions.

33. There is a commonality of interest in the substantial questions of law and fact concerning and affecting the Class. The common questions of law and fact for the Class include, but are not limited to, the following:

   a. Whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics;

   b. Whether Defendant obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometrics;

   c. Whether Defendant provided a written disclosure to the class that explains the

     length of time their biometrics stored and used before taking their biometrics;

    d. Whether Defendant's conduct violates BIPA;

    e. Whether Defendant's violations of the BIPA are willful or reckless; and

    f. Whether Plaintiff and the Class are entitled to damages and injunctive relief.

  34. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class she seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

  35. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class as a whole.

## COUNT I
### Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*., (On behalf of Plaintiff and the Class)

  36. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

  37. Defendant is a private entity under BIPA.

  38. BIPA requires private entities, such as Defendant, to obtain informed written consent from individuals before acquiring their biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being captured, collected, stored, and used; and

(3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

39. Defendant, in the course of providing its Acuant Face biometric enabled identity verification services through its Acuant App, collected, captured, or otherwise obtained Plaintiff's and the Class's biometrics in the form of their facial geometry and other biometrics in order to individually identity them. Defendant also necessarily possessed and stored their biometric information in order to compare the same against existing databases. Prior to doing so, Defendant did not provide Plaintiff and the Class with any readily accessible written disclosures, nor did it obtain Plaintiff's and the Class's respective informed written consent.

40. BIPA also requires that private entities in possession of biometrics establish and maintain a publicly available biometric data retention policy. 740 ILCS 14/15(a). Despite possessing and storing Plaintiff's and the Class's biometrics, Defendant failed to make readily available any such biometric data retention policies.

41. Finally, upon information and belief, Defendant disseminated Plaintiff's biometrics to third party database providers and data storage vendors without her informed written consent, in violation of 740 ILCS 14/15(d).

42. By capturing, collecting, storing, using, and disseminating Plaintiff's and the Class members' biometrics as described herein, Defendant denied Plaintiff and the Class members their right to statutorily required information and violated their respective rights to biometric information privacy, as set forth in the BIPA.

43. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation.

44. Defendant's violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with the BIPA disclosure, consent, and policy posting requirements.

45. Accordingly, with respect to Count I, Plaintiff, on behalf of herself and the proposed Class, prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violate the BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(2);

e. Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(1);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: November 21, 2019          Respectfully Submitted,

                                               SHANICE KLOSS, individually and on behalf of a class of similarly situated individuals

                               By:   /s/ Jad Sheikali
                                             *One of Plaintiff's Attorneys*

Evan M. Meyers
Jad Sheikali
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
emeyers@mcgpc.com
jsheikali@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*