UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHANICE KLOSS, individually and on behalf of similarly situated individuals, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ACUANT, INC., a Delaware Corporation, )<br>)<br>Defendant. )<br>)<br>) | | 19 C 6353<br><br>Judge Charles P. Kocoras |

## ORDER

Before the Court is Defendant Acuant, Inc.'s ("Acuant") motion to dismiss Plaintiff Shanice Kloss's ("Kloss") First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court will, sua sponte, sever and remand Plaintiff's claims under Section 15(a) of the Illinois Biometric Information Privacy Act ("BIPA") and grant the motion to dismiss the remaining claims.

## STATEMENT

For purposes of this motion, the Court accepts as true the following facts from the complaint. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). All reasonable inferences are drawn in Kloss's favor. *League of Women Voters of Chicago v. City of Chicago*, 757 F.3d 722, 724 (7th Cir. 2014).

Kloss is a resident of Illinois. Acuant is a Delaware corporation and is registered to do business in Illinois. Acuant provides biometric enabled verification services to private companies. Among those services is "Acuant Face," which is a "Biometric Facial Recognition & Match Software." This software can be used through Acuant's mobile application.

Kloss alleges that her facial geometry and related biometric information was captured, collected, and stored using the Acuant Face software on Acuant's mobile application. Acuant stored Kloss's biometric information in order to compare her biometrics against existing databases. Kloss alleges that Acuant subsequently disseminated her biometric information to third parties to compare against existing databases and for future identity verification and biometric comparison. Kloss alleges that Acuant never obtained her consent prior to collecting, storing, and disseminating her biometric information. Moreover, Kloss says that Acuant does not have a publicly accessible retention policy.

Based on these facts, Kloss filed a class action complaint in the Circuit Court of Cook County on August 16, 2019. Acuant removed the case to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Kloss filed her FAC on November 21, 2019. In the FAC, Kloss claims one count of violations of BIPA, 740 ILCS §§ 14/1, *et seq.* Specifically, Kloss alleges that Acuant violated BIPA by not having a publicly available retention policy in violation of BIPA Section 15(a),

collecting her biometric information without her informed consent in violation of BIPA Section 15(b), and disseminating her biometric information to a third party without her informed consent in violation of BIPA Section 15(d).

Kloss seeks statutory damages of $5,000 for each willful and reckless violation and $1,000 for each negligent violation of BIPA. She also seeks injunctive relief to prevent future violations of BIPA by Acuant. Acuant moved to dismiss the FAC on December 13, 2019.

## I. Subject-Matter Jurisdiction

As a preliminary matter, we note that the Seventh Circuit's recent decision in *Bryant v. Compass Group USA Inc.*, brings into question our subject-matter jurisdiction over Kloss's claims under BIPA Section 15(a). 2020 WL 2121463 (7th Cir. 2020). In *Bryant*, the Seventh Circuit resolved an important issue that has divided courts in our District for the past three years: what BIPA violations are sufficiently substantive so as to qualify as an injury for purposes of standing under Article III of the U.S. Constitution ("Article III").

Applying Justice Thomas's rubric from his concurrence in *Spokeo Inc., v. Robbins*, 136 S. Ct. 1540, 1551 (2016), the *Bryant* Court distinguished between the duty owed under BIPA Section 15(b)—requiring that private entities obtain informed consent to collect biometric information—and that owed under Section 15(a), requiring private entities to make publicly available a data retention schedule and guidelines for

3

permanently destroying collected biometric identifiers and information. 2020 WL 2121463, at *6.

The *Bryant* Court found that the obligations under the former are owed to private individuals, and therefore, a violation of BIPA Section 15(b) invades a plaintiff's personal privacy right to consider the terms under which her biometric information is collected and used. *Id.* In contrast, the obligations under BIPA Section 15(a) are owed to the public generally. Therefore, a violation of that Section does not invade a plaintiff's personal privacy rights in a concrete manner. Accordingly, the *Bryant* Court held that a violation of Section BIPA Section 15(b) is a substantive violation that creates a concrete and particularized Article III injury, whereas a violation of BIPA Section 15(a) is procedural and does not create such an injury. *Id.* at *7.

Applying the *Bryant* Court's holding, we conclude that we lack subject-matter jurisdiction over Kloss's Section 15(a) claims. In the FAC, Kloss alleges that Acuant failed to maintain a publicly available retention and destruction schedule in violation of BIPA Section 15(a). But such a violation does not create a concrete injury as required under Article III. Therefore, we find that Kloss lacks standing to bring this claim in federal court. The Court accordingly severs and remands Kloss's claims under Section 15(a) back to state court for lack of subject-matter jurisdiction. *See The Northern League, Inc. v. Gidney*, 558 F.3d 614, 614 (7th Cir. 2009) (finding remand for lack of subject-matter jurisdiction is "a step proper at any time").

## II. Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to raise its right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the pleadings must "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

Acuant urges the Court to dismiss Kloss's complaint, arguing that BIPA does not apply to vendors who provide products to businesses and have no direct contact with the end users, Kloss does not allege enough facts to support her claims and merely

"parrots the statutory language," BIPA is unconstitutional special legislation under the Illinois Constitution, and Kloss fails to plead intent, recklessness, or negligence as required for statutory damages. We agree that Kloss does not support her claims with sufficient facts.

The Seventh Circuit held that while detailed facts are not needed under the Supreme Court's rulings in *Twombly* and *Iqbal*, "'at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007)). A plaintiff may not "merely parrot the statutory language of the claims that they are pleading" and must provide, at least, "some specific facts to ground those legal claims." *Id.*

Here, Kloss fails to support her allegations with enough facts. Kloss alleges that Acuant "offers biometric enabled verification services *to private companies*" and that at some unspecified time she used Acuant's mobile application. (emphasis added). Kloss alleges that as a result of her use of the mobile application, Acuant "collected, stored, or otherwise obtained" her biometric information and that "on information and belief, . . . [Acuant] disseminated [her] biometric information to third party database providers" in violation of BIPA.

6

However, Kloss does not allege her relationship to Acuant which allowed Acuant to acquire her biometric information, i.e. whether she had a direct relationship with Acuant or with one of the private companies that used Acuant's software. Additionally, Kloss does not state the timeframe when she used the software from which Acuant allegedly collected her biometric information. Such barebone factual support and recitation of statutory language is not enough to put Acuant on notice of Kloss's claims in order to properly investigate or prepare a defense. *See Heard v. Becton, Dickson & Co.*, 2020 WL 887460, *4 (N.D. Ill. 2020) (plaintiff failed to state a claim under BIPA Section 15(b) where plaintiff did not allege when the acts occurred or provide any other factual detail surrounding how his biometric information was allegedly collected); *Namuwonge v. Kronos, Inc.*, 418 F. Supp. 3d 279, 285 (N.D. Ill. 2019) (plaintiff failed to state a claim under BIPA Section 15(d) where plaintiff merely alleged on information and belief that defendant disclosed her biometric information to third parties without any further factual support to plausibly suggest that her biometric information was disseminated). Accordingly, the FAC fails to state a claim under BIPA Sections 15(b) and (d).

Because Kloss's complaint has been dismissed for failure to state a claim, we will not discuss the remaining arguments.

## **CONCLUSION**

For the reasons mentioned above, the Court severs and remands Kloss's BIPA Section 15(a) claims and grants Acuant's motion to dismiss the remaining claims. It is so ordered.

Dated: 05/21/2020

_____
Charles P. Kocoras
United States District Judge